IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ALFREDO LOPEZ, #334567 § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-432 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Alfredo Lopez, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The state has custody of Petitioner pursuant to a 1982 conviction in the 38th District Court of Uvalde County, Texas for murder. Petitioner claims that he was placed on mandatory supervision on March 27, 2002, but that his parole was improperly revoked in May, 2002.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust his habeas remedies in state court before pursuing federal relief. 28 U.S.C. § 2254(b). In order to satisfy this requirement, a prisoner must present his claims to the state's highest court for review. *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985). In Texas, a prisoner who challenges the revocation of mandatory supervision must submit his habeas claims to the Texas Court of Criminal Appeals through Article 11.07 of the Texas Code of Criminal Procedure. The state court record shows that Petitioner alleged in state court that he was denied proper time credits on his sentence, but he did not raise any claim related to parole revocation.

1

Petitioner has therefore failed to exhaust his state-court remedies.

Petitioner's claims are also time-barred.  Petitioner was required to file his federal writ within one year of the date on which his parole was revoked.  28 U.S.C. § 2244(d). Assuming, at the latest, that the parole revocation occurred on May 31, 2002, the federal writ was due by May 31, 2003. The instant writ was filed on August 3, 2005. This statutory period is tolled while a properly-filed writ is pending in state court.  Although the state record in this case shows considerable confusion, it is clear that Petitioner's Article 11.07 writ was filed in state court on November 24, 2003.  *Ex parte Lopez*, No. 18,320-02 at 39.  This is outside the AEDPA's limitations period, and Petitioner's writ is time barred.

Unexhausted claims are usually dismissed without prejudice so that a prisoner can exhaust his state remedies and represent the claims to a federal court.  However, claims that are both unexhausted and time-barred are dismissed with prejudice.  *Scott v. Johnson*, 227 F.2d 260 (5th Cir. 2000).  Although Petitioner cannot present them again to this Court, he may still be able to pursue his state remedies pursuant to Article 11.07, which does not contain a limitations period.

Having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Alfredo Lopez (Instrument No. 1) be **SUMMARILY DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  Petitioner shall have until **December 1, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections shall be mailed to the Clerk's Office in

<u>Galveston, Texas 77553 at P.O. Drawer 2300</u>.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas this _____7th_____ day of November, 2005.

                                        _____
                                        John R. Froeschner
                                        United States Magistrate Judge