IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ALFREDO LOPEZ, #334567 | § |
| | § |
| v. | § CIVIL ACTION NO. G-05-432 |
| | § |
| DOUG DRETKE, DIRECTOR | § |
| TDCJ-CID | § |

### REPORT AND RECOMMENDATION

    Before the Court is the Petition for a Writ of Habeas Corpus of Alfredo Lopez, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The state has custody of Petitioner pursuant to a 1982 conviction in the 38th District Court of Uvalde County, Texas for murder. Petitioner was sentenced to twenty-five years imprisonment in the TDCJ-CID. However, Petitioner does not challenge his conviction. Instead, he claims that he was improperly denied time credits when his mandatory supervision was revoked. The State has filed an Answer, but Petitioner has failed to respond. After reviewing the records in this case, the Court submits its Report and Recommendation to the District Court.

    On June 7, 2002, Petitioner was recommitted to the TDCJ-CID after his mandatory release had been revoked. Accordingly, his prior earned good time credits were forfeited. Over one year later, Petitioner filed two time credit disputes with the TDCJ-CID, one on August 26, 2003, and the second on October 28, 2003. Answer at Ex. A. These were resolved on April 7, 2004, and April 27, 2004, respectively when the TDCJ-CID found that no error had occurred. Petitioner

1

subsequently filed two state writs of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure on November 24, 2003. They were denied without written order on May 12, 2004. He subsequently filed the instant writ in federal court on August 3, 2005.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to file his federal writ of habeas corpus, in relevant part, within one year of the date on which the factual predicate of the claims could have been discovered. 28 U.S.C. § 2244(d). Petitioner's claims are time-barred. The grounds for Petitioner's claim became apparent when he was reincarcerated on June 7, 2002. He was therefore required to file his federal writ by June 7, 2003 but failed even to file his time credit disputes with the TDCJ-CID until more than one year later. Indeed, even if the AEDPA's limitations period began when Petitioner received notice of the TDCJ-CID's denial of his disputes, 211 days of the 365-day limitations period elapsed between the second, April 27, 2004, denial and the November 24, 2003, filing of the state habeas writs. Petitioner therefore had 154 days after his Article 11.07 writ was denied, or until October 23, 2004, to file his federal writ. He did not do so until August 3, 2005, more than one year after his state writ was denied. The instant writ is therefore time-barred.

The Court therefore **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Alfredo Lopez (Instrument No. 1) be **DISMISSED as time-barred**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner shall have until **June 7, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas</u>

77553 at P.O. Drawer 2300.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

        DONE at Galveston, Texas this _____17th_____ day of May, 2006.

                                                John R. Froeschner
                                               United States Magistrate Judge