IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ALFREDO LOPEZ, #334567 § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-432 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| TDCJ-CID § | |

## **ORDER**

Before the Court is the Report and Recommendation of the Magistrate Judge entered on May 17, 2006, and Petitioner's timely filed Objections. The Magistrate Judge recommends that the instant habeas petition be dismissed because it is time-barred.

Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court agrees with the Magistrate Judge's Report and Recommendation that Petitioner's claims are time-barred, but takes the opportunity to clarify a minor discrepancy in the time calculations contained therein.

The Court agrees that Petitioner's claims became apparent when he was re-incarcerated on June 7, 2002 and, therefore, he was required to file his federal writ by June 7, 2003. Petitioner clearly did not do so. Instead, Petitioner waited until more than one year *after* he was re-incarcerated and then submitted two separate time credit disputes resolution forms with the TDCJ-CID on August 26 2003, and October 28, 2003. Before the time credit disputes he submitted were even resolved, Petitioner filed two article 11.07 state writs of habeas corpus on November 24, 2003. Thereafter, on April 7, 2004, and April 27, 2004, TDCJ-CID provided responses to Petitioner's time credit disputes in which they concluded that there was no error. Then, on May 12, 2004, the Texas Court of Criminal Appeals denied Petitioner's state writ without written order. Petitioner filed the instant writ on

August 3, 2005.

The Court observes that in the Report and Recommendation the Magistrate Judge recommended that "even if the AEDPA's limitations period began when Petitioner received notice of the TDCJ-CID's denials of his disputes, 211 days of the 365-day time limitations period elapsed between the second, April 27, 2004, denial and the November 24, 2003, filing of the state habeas writs." Report & Recommendations at 2. Considering that Petitioner somewhat unusually filed his State writ *before* his credit dispute was resolved by TDCJ-CID, the Court finds that 211 days of the 365-day limitations period could not have lapsed. Moreover, because Petitioner's state writs were pending when TDCJ-CID resolved his credit disputes, the time period could not begin until after his Article 11.07 writ was denied. *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

Notwithstanding this, the Court concludes that even if the AEDPA's limitation period began after Petitioner's Article 11.07 writ was denied on May 12, 2004, the Petitioner is time-barred because he did not file the instant writ until August 3, 2005, more than one year after his state writ was denied. Accordingly, the Court agrees that the instant writ is time-barred.

Finally, the Court observes that Petitioner filed Objections to the Magistrate Judge's Report and Recommendations Petitioner in which he appears to assert, for the first time, that the statute should be equitably tolled because his lawyer did not inform him of the necessary time deadlines, he did not know how to file, and because he was hospitalized several times after his re-incarceration for health problems. Pet'r Objections at 1. Equitable tolling is justified "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). However, the Court finds that the reasons set forth by Petitioner in his Objections present neither rare nor extraordinary circumstances to justify equitable tolling. *See id.* at 714-15; *cf Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (equitable tolling is not justified

based on claims of "lack of knowledge of the filing deadlines," "unfamiliarity with filing process nor his lack of representation," or "ignorance of legal rights").

In conclusion, this Court finds that, for the reasons stated herein, the Report and Recommendation is **ACCEPTED** insofar as it finds that the Petitioner's writ is time-barred by the AEDPA's one-year statute of limitations period.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus of Alfredo Lopez (Instrument No. 1) is **DISMISSED as time-barred.**

**DONE** at Galveston, Texas this 22nd day of June, 2006.

Samuel B. Kent
United States District Judge